[836 NYS2d 444]

In the Matter of PAUL E. SKAVINA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 8, 2007

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*John A. Cirando*, Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Third Department, on January 10, 1980. On June 8, 2006, he was convicted upon his plea of guilty in the United States District Court for the Northern District of New York (District Court) of aiding and abetting the hindering of an official proceeding (18 USC § 1512 [d] [1], [2]), a federal misdemeanor. Respondent admitted that he assisted a client in the intentional harassment of the client's ex-wife in order to dissuade the ex-wife from pursuing an application in Bankruptcy Court. Respondent admitted that he did so by conveying to the ex-wife demands made by the client, including the demand that the ex-wife discontinue the pending application in Bankruptcy Court if she wished to secure the return of the parties' children to this country. On November 17, 2006, respondent was sentenced in District Court to a one-year term of probation and was ordered to pay a fine in the amount of $3,000 and to pay restitution to the client's ex-wife in the amount of $3,249. This Court determined that aiding and abetting the hindering of an official proceeding is a serious crime pursuant to Judiciary Law § 90 (4) (d) and, on April 4, 2007, entered an order suspending respondent and directing him to show cause why a final order of discipline should not be entered (*Matter of Skavina*, 39 AD3d 1284 [2007]). Respondent appeared before the Court and submitted matters in mitigation.

We have considered the matters submitted by respondent in mitigation, including his previously unblemished record and expression of extreme remorse. Additionally, we have considered the numerous letters submitted on behalf of respondent attesting to his good character and to the aberrational nature of the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended until November 17, 2007, or the termination of his federal probation, whichever first occurs, and until further order of the Court.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Final order of suspension entered.